[Civil No. 4727. Filed October 30, 1944.]

[152 Pac. (2d) 618.]

MAGMA COPPER COMPANY, a Corporation, Petitioner, v. RAFAEL G. GONZALES, and THE INDUSTRIAL COMMISSION OF ARIZONA, Respondents.

Mr. Edward W. Rice, and Mr. C. Leo Guynn, for Petitioner.

Mr. H. S. McCluskey and Mr. David P. Jones, for Respondents.

ROSS, J.—This is an appeal by *certiorari* from an award of the Industrial Commission, under the Arizona Occupational Disease Disability Law, chapter 26, as passed by the Sixteenth Legislature, regular session, in the case of Magma Copper Company, Petitioner, v. Rafael G. Gonzales and The Industrial Commission, respondents, and is the first case brought to this court under this act.

The material facts concerning which there is no dispute may be stated as follows: When the application was made for compensation it is agreed the applicant was suffering from silicosis complicated by an active pulmonary tuberculosis, constituting total disability under section 12 of the act, and that applicant's last day of work was September 11, 1943.

During the ten years immediately preceding disablement and prior to July 24, 1937, applicant was engaged for a portion of the time in non-dusty agricultural labor on ranches in Arizona and California, picking cotton and fruit, and after July 24, 1937, he was employed for portions of the time in underground mining work for Kennecott Copper Corporation at Ray, Arizona, and for Magma Copper Company at Superior, Arizona.

During such ten-year period he was employed by Kennecott Copper Corporation in four different periods, as follows:

From July 24, 1937, to March 5, 1938.

From May 4, 1938, to June 14, 1938.

From August 22, 1938, to January 24, 1939.

From October 16, 1939, to January 14, 1941.

These four periods aggregate a total over-all span of two years, four months and twenty-one days, inclusive of days not worked on account of operational shutdowns and other absences. During such over-all span applicant actually worked 692 shifts and was absent and was away from the mine a total of 182 days, 137 on account of shutdowns and 45 for other absences, or a total aggregate period of absences of six months.

During such ten-year period applicant was employed by Magma Copper Company on a six-day schedule from May 27, 1941 to September 11, 1943, or an over-all span of two years, three months and sixteeen days, inclusive of Sundays and holidays not worked and absences on account of illness, vacation and other causes. During such over-all span applicant worked 662 shifts and, in addition to the 119 intervening Sundays, lost 57 work days, 33 on account of illness, 21 on account of vacations, and 3 unexcused, or a total of 180 days, or an aggregate of six months.

Applicant worked for no other mining companies in said ten-year period, and his total over-all span of employment for Kennecott and Magma within said period was four years, eight months and seven days, in the course of which he remained off the job for an aggregate period of one year by reason of shutdowns, Sundays, holidays, vacations, sickness and other absences.

On these facts as above stated the commission, on April 25, 1944, concluded as a matter of law:

"That during the ten years immediately preceding such disablement applicant was exposed to silicon dioxide dust for a total period of (no less than) five years in employment in this state, (Section 13 (c) and Section 13 (a) (3) )."

and awarded compensation and medical allowance to claimant.

From an order of the Commission denying petitioner's motion for rehearing the latter has appealed, and makes four assignments of error.

We have concluded it is only necessary in the disposition of the case to consider assignment number one, which reads as follows:

"The Commission erred in finding 'That during the ten years immediately preceding such disablement, applicant was exposed to silicon dioxide dust for a total period of (no less than) five years in employment in this state (Section 13 (c) and Section 13 (a) (3) ).' for the reason that such finding is not supported by the evidence, but is contrary to the evidence."

The Magma Company was applicant's last employer, and if there is any liability to pay compensation it is the liability of this company. Section 56-1214, 1943 Supp. to Arizona Code Annotated 1939.

The Kennecott Company is under no liability for the silicotic condition of applicant, and the time he worked for it is stated for the purpose of showing the length of time he was exposed to the occupational disease of silicosis.

Whether under the facts there is liability on the part of the Magma Company depends upon what the legislature meant when it used the following language, to-wit:

"56-1213. *Employer liability for compensation—Conditions when no payment to be made.*—(a) There is imposed upon every employer a liability for the payment of compensation to every employee who shall not have rejected the provisions of this act as herein provided and who becomes totally disabled by reason of an occupational disease arising out of his employment, subject to the following conditions:

"(1) No compensation shall be paid when the last day of injurious exposure of the employee to the

hazards of said occupational diseases shall have occurred prior to the passage of this act.

"(2) No compensation shall be paid for a disease other than silicosis or asbestosis unless total disability results within one hundred twenty (120) days from the last day upon which the employee actually worked for the employer against whom compensation is claimed.

"(3) No compensation shall be paid in case of silicosis or asbestosis unless during the ten (10) years immediately preceding the disablement the injured employee shall have been exposed to harmful quantities of silicon dioxide ($SiO_2$) dust or asbestos dust for a total period of not less than five (5) years in this state and unless total disability results within two (2) years from the last day upon which the employee actually worked for the employer against whom compensation is claimed.

"(4) No claim shall be maintained nor compensation paid unless the claim has been filed with the commission in writing within the time fixed by the appropriate subdivision of Section 53 (§ 56–1253) of this act.

" . . .

"(c) Proof of the exposure to silicon dioxide ($SiO_2$) dust or asbestos dust for a total period of not less than five (5) years in employment in this state, with proof of total disability from silicosis or asbestosis, shall be *prima facie* evidence of exposure to harmful quantities of such dust during all of said period."

■■ It should be remembered that the occupational disease disability law does not rest upon fault but upon the thesis that the occupation or business or art should bear the human wear and tear incident to its prosecution at least to a large extent. It is evident from the quoted language that it was never intended the employer should indemnify the employee in all cases of silicosis or asbestosis. The exceptions are (a) (1), (2), (3) and (4), *supra,* and such exceptions are based upon time element. There is no

liability for occupational diseases incurred prior to the passage of the act, nor for a disease other than silicosis or asbestosis unless a total disability results within 120 days from the last day the employee actually worked for the employer. Nor in cases of silicosis or asbestosis unless during the ten years immediately preceding the disablement the injured employee should have been exposed to harmful quantities of silicon dioxide ($SiO_2$) dust or asbestos dust for a total period of not less than five years in this state. The claim must be filed within the time specified by law. A total period of not less than five years of exposure must be shown to make out a *prima facie* case for compensation.

■ The evidence heretofore set out in this opinion fails to show the claimant had been exposed to silicon dioxide ($SiO_2$) dust for five years or more during the ten years immediately preceding his disablement. It shows, adding all the time he worked for both mining companies during the ten-year period, a total over-all span of employment of four years, eight months and seven days, including shutdowns, Sundays, holidays, vacations and sickness.

The contention of the commission and its attorneys that all of the time from the first day claimant worked for the Kennecott Company, to-wit, July 24, 1937, to the last day he worked for the Magma Company, to-wit, September 11, 1943, or a period of six years, one month and seventeen days, should be counted in determining the length of time he was exposed to the disease is not tenable. Part of that ten-year period he was in' California, several hundred miles away from the mines, and part of the time while in Arizona he was not working for either of the mining companies.

As to the length of time of exposure, we feel it is

discussed in appellant's brief in such a fair and logical way that we adopt the language used therein:

"The law does not, of course, require that the five years of exposure shall be continuous and uninterrupted. It calls for a 'total period,' not for a continuous period. It specifies an aggregate of time within a larger cycle. Neither does it call for years composed of days of 24 hours each, figured down to the last second. It deals with employment and with days of work and of exposure in service. Common sense and the ordinary usage of words dictate that a total period of no less than five years' exposure within ten means five times 365 working days of exposure. Any whittling down of aggregate time of exposure, by including days not worked, would disregard both the legislative purpose as expressed in the emphatic words 'no less than,' and the legislative recognition of the nature of the disease as an exposure disease resulting from 'prolonged inhalation of silicon dioxide dust' (Section 36, subdiv. 35). This legislative definition of silicosis is soundly grounded in the findings of science and experience. In a disease of the nature of silicosis, 'time is of the essence.' The nature of the disease and the legislative definition of it have made it so. It is exposure on the job that counts, and absence from the job, from whatever cause, is absence from exposure and no magic formula can make it otherwise. The law requires exposure for an aggregate period of 'no less than five years.'"

Whether absence on account of illness, vacations, Sundays, holidays, and other causes during the periods of regular employment at mines should be counted as days of exposure, we do not decide because in this case, if counted, the exposure would be for only four years; eight months and seven days.

The commission was in error in holding that claimant was exposed during the ten years immediately preceding his disablement to silicon dioxide dust for

a total period of not less than five years, and the award is therefore set aside.

McALISTER, C. J., and STANFORD, J., concur.